**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Curtis Campbell COX, Defendant—
Appellant.**

No. 05–30014.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 20, 2006.

Kris A. Mclean, Esq., Office of the U.S. Attorney District of Montana, Missoula, MT, for Plaintiff–Appellee.

Daniel Donovan, Esq., Thompson Potts & Donovan, P.C., Great Falls, MT, for Defendant–Appellant.

Before: KLEINFELD and GRABER, Circuit Judges, and RAFEEDIE,** District Judge.

### MEMORANDUM ***

Cox appeals his conviction for mail fraud. We affirm.

Cox first argues that the district court's jury instruction as to mail fraud omitted necessary elements. Our review is limited under the *Olano* plain error standard, because Cox did not object to the mail fraud instruction.[1]

For the court to take notice of error to which no objection was made, the error must affect substantial rights, and we have discretion to take notice of the error only if it affects the fairness, integrity, or public reputation of judicial proceedings.[2] The instructions included the elements of falsity, unanimity on the falsehood, and scienter, albeit not as clearly as they might have, but they left out materiality. Nevertheless, under the *Olano* standard, " '[i]t is

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Edward Rafeedie, Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

2. *United States v. Franklin,* 321 F.3d 1231, 1240 (9th Cir.2003); *United States v. Smith,* 282 F.3d 758, 765 (9th Cir.2002).

the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.'"[3] Materiality is indeed an element of the crime, but omission of an instruction on materiality is trial error, rather than structural error, and can be harmless.[4] Cox did not demonstrate prejudice, because the evidence left no room for doubt as to the falsity and materiality of the false date of birth and the false social security number. For that reason, although Cox has established error, the error does not justify reversal on the facts of this case.

Cox's insufficiency of the evidence argument fails because a reasonable juror could infer an intent to defraud from use of a false social security number and false birth date.[5]

The district court did not abuse its discretion [6] in denying Cox's motion to sever.[7]

Affirmed.

---

3. *United States v. Jordan,* 256 F.3d 922, 930 n. 5 (9th Cir.2001) (quoting *Olano,* 507 U.S. at 734, 113 S.Ct. 1770).

4. *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

5. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

6. *United States v. Vargas–Castillo,* 329 F.3d 715, 722 (9th Cir.2003).

7. *United States v. Whitworth,* 856 F.2d 1268, 1277 (9th Cir.1988) (stating that a defendant must prove he has "important testimony to give concerning some counts and a strong need to refrain from testifying on others" in order for severance to be granted).

